[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POST JUDGMENT MOTION TO MODIFY SUPPORT (NO. 117)
The plaintiff has moved, pursuant to the provisions of § 4Gb-86(a) of the General Statutes for modification of child support. The previous order of support was entered on June 4, 1999, at which time the court ordered the defendant to pay the plaintiff $68.00 per week by way of support for the minor child who was then six years of age. In addition to the $68.00 per week support, the defendant was ordered to pay $60.00 per week toward the child's day care and $8.21 per week toward his medical and dental insurance. At that time, the defendant was a baker at the Donut Inn working nights. The defendant's gross pay at that time was $375 per week and a net of $302 per week. The plaintiff at that time was a legal secretary at the firm of Carmody and Torrence in its New Haven office. She was earning $683 per week and a net pay of $517. The plaintiff continues in her employment and now earns $752 per week and a net of $607. CT Page 10737
The defendant is now a self-employed house painter. His earnings have increased. In his financial affidavit he reports a gross income of $679 per week and a net income of $530 per week. Based upon the child support guidelines, the recommended current support is $102 per week. The court finds a substantial change of circumstances in the defendant's income.
The parties, however, have been unable to agree upon the defendant's earnings. The plaintiff has presented a child support guidelines worksheet claiming that the recommended current support allotment for the defendant is $186 per week. Plaintiff bases her child support worksheet upon a gross income for the defendant of $1,152 and a net of $884 per week. This calculation was based upon the defendant's bank account deposits for the period May 17, 2001, to May 8, 2002, a twelve month period.
The court finds that during that period the defendant deposited a total of $120,460 to his checking account. (See plaintiff's exhibit A.) However, during this period, the court finds the following amounts must be subtracted to determine the defendant's gross earnings:
The initial deposit of $ 7,600
The amount given by the defendant's father $21,000
The amount given by the present Mrs. VanWagner's father $10,000
Credit card advance in December, 2001 $ 2,800
Mrs VanWagner's unemployment compensation deposited to the account $ 2,250
Mrs. VanWagner's earnings prior to her direct deposits $ 4,800
Mortgage proceeds and wedding presents deposited $ 8,000
Mrs. VanWagner's direct deposits $22,924
Total $79,374
The deposits then attributable to the defendant's earnings total $41,086. From this amount must be deducted his costs of goods sold which for the year 2001 amounted to $7,000 for a net before business expenses and taxes of $33,786. This then amounts to $650 per week, less than the defendant states in his financial affidavit. CT Page 10738
The court finds the defendant's affidavit to be true. Based upon that affidavit, the court finds his annual gross income to be $35,308 ($679 per week) and his net after withholding to be $27,560 ($530 per week)
The amount in the defendant's child support worksheet is the proper figure for support. The court orders the prior order of support modified to $102 per week.
The agreement executed by the parties in June, 1999 provided in Article V B that the defendant pay $60 per week as a contribution to the child's day care expenses. The agreement further provided in Article VI B that the defendant pay one half of the weekly medical and dental insurance provision and one half of all unreimbursed medical and dental expenses incurred for the minor child. Those provisions of the previous order shall continue in full force and effect.
 ________________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE